## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 08-20153-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| DARRON L. ESKRIDGE, | ) | **No. 16-2320-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On December 1, 2009, the Court sentenced defendant to 327 months in prison. On May 6, 2016, the Tenth Circuit granted defendant leave to file a second or successive motion under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). See Order (Doc. #143). This matter is before the Court on defendant's Motion To Vacate Sentence (Doc. #145) filed May 6, 2016. For reasons stated below, the Court sustains defendant's motion and resentences defendant to 120 months in prison.

## Factual Background

On November 5, 2008, a grand jury charged Darron L. Eskridge with one count of possessing a firearm after having been convicted of three or more violent felonies, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1). See Indictment (Doc. #1). On August 27, 2009, a jury found defendant guilty. The Court found that under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), defendant had six prior convictions for violent felonies. Defendant's total offense level was 34, with a criminal history category VI, resulting in a Guidelines range of 262 to 327 months in prison. On December 1, 2009, the Court sentenced defendant to 327 months in

prison.[1]  Defendant appealed.  On April 13, 2011, the Tenth Circuit affirmed his conviction and sentence.  See Order And Judgment (Doc. #133).

On April 16, 2012, defendant filed a motion to vacate sentence under 28 U.S.C. § 2255.  See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #134).  Defendant asserted that his conviction should be vacated because his counsel provided ineffective assistance.  Specifically, he argued that (1) before trial, counsel advised defendant not to accept a 15-year plea deal, (2) at trial, he did not call co-defendant John Roland as a witness, (3) at sentencing, he did not challenge the enhancement of his sentence under the ACCA and (4) on appeal, he did not challenge the jury's finding that defendant was in constructive possession of the firearm.  On December 12, 2013, the Court overruled defendant's motion.  See Memorandum And Order (Doc. #141).

On May 6, 2016, the Tenth Circuit granted defendant leave to file a second or successive motion under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015).  See Order (Doc. #143).  On May 6, 2016, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  See Motion To Vacate Sentence (Doc. #145).  Defendant asserts that under Johnson, the Court should vacate his enhanced sentence under the ACCA and resentence him to 120 months in prison, the statutory maximum for an offense under 18 U.S.C. § 922(g)(1).

**Analysis**

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880

---

[1]     The grand jury also charged John T. Roland with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Roland pled guilty.  The Court sentenced Roland to 100 months in prison.

F.2d 250, 253 (10th Cir. 1989).

Under the ACCA, the Court must impose a sentence of at least 15 years in prison if a defendant has "three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as a crime punishable by a term of imprisonment exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause), (2) "is burglary, arson, . . . extortion, or involves use of explosives" (the enumerated-offenses clause) or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B); see United States v. Wilfong, No. 16-6342, 2017 WL 1032571, at *1 (10th Cir. Mar. 17, 2017).

Defendant argues that he is entitled to relief under Johnson. In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the ACCA is unconstitutional under the void-for-vagueness doctrine. 135 S. Ct. at 2557-60, 2563; see Welch v. United States, 136 S. Ct. 1257, 1260-61 (2016). Based on Johnson, defendant argues that at least four of his six prior convictions are not qualifying crimes for purposes of the ACCA's 15-year statutory minimum.

## I.     Procedural Bar

The government asserts that because defendant has not shown that his claim is based on Johnson, it is barred as a second or successive motion. See Government's Response To Defendant's Motion To Vacate Sentence (Doc. #155) at 7-10. In particular, the government contends that if the Court counted defendant's prior convictions, not under the residual clause, but under some other

clause of Section 924(e)(2)(B) to which Johnson does not apply, then defendant's motion does not rely on Johnson. See id. at 9-10. Unfortunately, the record does not reflect whether at sentencing, the Court counted defendant's prior convictions under the residual clause or one of the other clauses in the ACCA.[2] Even so, the Court finds that defendant's motion is based on Johnson. As explained below, before Johnson, defendant could not establish that his prior convictions did not qualify under Section 924(e)(2)(B).

In his first Section 2255 motion, defendant alleged that at sentencing, counsel should have objected that in determining whether his prior convictions qualified as predicate offenses under the ACCA, the Court did not follow the procedure set forth in Shepard v. United States, 544 U.S. 13 (2005). Defendant asserted that his prior convictions for second-degree burglary under Mo. Rev. Stat. § 569.170 did not qualify under the ACCA because he never actually entered a house or building. See Motion Under 28 U.S.C. § 2255 (Doc. #134) at 6. The Court overruled defendant's claim as follows:

> Convictions for second-degree burglary under Mo. Rev. Stat. § 569.170 qualify as burglary within the meaning of Section 924(e)(2)(B)(ii) so long as the burglary is of a "building or structure." United States v. Walker, 497 Fed. Appx. 676, 676 (8th Cir. 2013); United States v. Bell, 445 F.3d 1086, 1090-91 (8th Cir. 2006). The Presentence Investigation Report (Doc. #91) ("PSIR") noted that defendant satisfied the requirements for a sentencing enhancement under the ACCA because he had been convicted of six violent felonies under Section 924(e)(2)(B): (1) on February 21, 1997 in Jackson County Circuit Court, Kansas City, Missouri, Case No. CR96-1813 for Exhibiting a Deadly Weapon, (2) on February 21, 1997 in Jackson County Circuit Court, Kansas City, Missouri, Case No. CR96-71584 for Burglary, Second Degree, (3) on March 13, 2003 in Clay County Circuit Court,

---

[2]    At sentencing, neither party asserted that a particular clause applied. The parties apparently assumed that six of defendant's prior convictions qualified under both the enumerated-offenses clause and the residual clause.

Liberty, Missouri, Case No. 7CR102004332 for Burglary, Second Degree and Attempted Second Degree Burglary, (4) on July 3, 2003 in Platte County Circuit Court, Platte City, Missouri, Case No. 03CR8226501 for Burglary, Second Degree, (5) on January 19, 2007 in Clay County Circuit Court, Liberty, Missouri, Case No. 06CY-CR01560 for Burglary, Second Degree, and (6) on January 19, 2007 in Clay County Circuit Court, Liberty, Missouri, Case No. 06CY-CR04276 for Burglary, Second Degree. See PSIR ¶¶ 40, 45, 50-53; 18 U.S.C. § 924(e) (enhanced sentence for those violating § 922(g) and having three prior convictions for "violent felony" or "serious drug offense"); see also U.S.S.G. § 4B1.4.

Defendant has not alleged sufficient facts to establish that counsel's failure to object to the enhancement of his sentence under the ACCA was deficient or prejudicial. Defendant apparently does not dispute that his prior conviction for exhibiting a deadly weapon constitutes a violent felony under Section 924(e). As to his remaining convictions which involve burglary, defendant states "none of Movant's prior convictions envolved [sic] actually entering a house or building." Motion Under 28 U.S.C. § 2255 (Doc. #134) at 6. Defendant has not alleged what type of "structure" was involved in his prior burglaries or that he told counsel about the factual circumstances of the prior convictions. In light of the descriptions in the PSIR of four of defendant's burglary convictions, counsel apparently had no reason to believe that the convictions did not involve burglary of a "building or structure," as required to meet the generic definition of burglary. See PSIR ¶ 45 (in Jackson County Circuit Court, Kansas City, Missouri, Case No. CR96-71584, defendant admitted to stealing car and later burglarizing residence); id. ¶ 50 (in Clay County Circuit Court, Liberty, Missouri, Case No. 7CR102004332, defendant forced entry into residence and kicked open walk-in garage door at another residence); id. ¶ 51 (in Platte County Circuit Court, Platte City, Missouri, Case No. 03CR8226501, defendant charged with unlawfully entering "building;" in plea petition, defendant admitted that he "burglarized a home"); id. ¶ 52 (in Clay County Circuit Court, Liberty, Missouri, Case No. 06CY-CR01560, defendant admitted that he had entered unlocked residence). But cf. id. ¶ 53 (refers to "inhabitable structure" with no reference to type of structure). Even if the Court assumed (contrary to the facts set forth in the PSIR) that one or more of defendant's prior convictions did not involve burglary of a "building or structure," defendant's prior convictions constituted "crimes of violence" under the residual clause of Section 924(e)(2)(B)(ii) for convictions that otherwise involve "conduct that presents a serious potential risk of physical injury to another." United States v. Terrell, 593 F.3d 1084, 1094-95 (9th Cir. 2010) (burglary under Missouri law presents serious potential risk of physical injury despite broad definition in state statute of "structure"); United States v. Cantrell, 530 F.3d 684, 695-96 (8th Cir. 2008) (second-degree burglary under RSMo. 569.170 categorically is "crime of violence" under residual clause of Guidelines' definition despite its broad definition of "inhabitable structure," because

of "the risk of a violent confrontation between [the defendant] and the occupant, the police, or another third party").  For these reasons, counsel's failure to ask for an inquiry under Shepard was not deficient or prejudicial.

Memorandum And Order (Doc. #141) at 9-11.

Recently, in Mathis v. United States, 136 S. Ct. 2243 (2016), the Supreme Court reinforced that in applying the categorical approach, courts must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case."  Id. at 2248.  Mathis explained that when a statute lists multiple factual means of satisfying a single element, the court has "no call to decide which of the statutory alternatives was at issue in the earlier prosecution" and  "may only ask whether the *elements* of the state crime and generic offense make the requisite match."  Id. at 2256 (emphasis in original).  In doing so, the district court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition."  Id. at 2257.  After Mathis, this Court's statement that the PSIR substantiated four of defendant's burglary convictions is no longer valid.  The government concedes that under Mathis, four of defendant's Missouri state burglary convictions do not qualify as crimes of violence under the enumerated-offenses clause or any clause of the ACCA. The government argues, however, that defendant is not entitled to relief because the Tenth Circuit only authorized him to file a second Section 2255 motion under Johnson, not Mathis or some other theory.

As noted, the record at sentencing does not reflect whether the Court counted defendant's prior convictions under the residual clause or some other clause.  It would be manifestly unjust, however, to deny defendant relief because counsel and the Court did not make a clean record on that issue.  See United States v. Delossantos, 680 F.3d 1217, 1219 (10th Cir. 2012) (government bears

-6-

burden to show preponderance of evidence supports ACCA enhancement).  Cf. Wilfong, 2017 WL 1032571, at *3 (Johnson not implicated where sentencing court specifically concluded that prior conviction was violent felony under elements clause, not residual clause).  Under the law at the time of sentencing, defendant qualified under either the enumerated-offenses clause or the residual clause.  Now, under Mathis, defendant does not qualify as a career offender under the enumerated-offenses clause, and under Johnson, defendant does not qualify as a career offender under the residual clause.  Until the Tenth Circuit granted defendant authorization to file his motion under Johnson, however, defendant could not have effectively attacked his conviction as a career offender because his attack would have been limited to the enumerated-offenses clause.  See United States v. Hamilton, No. 06-CR-188-TCK, 2017 WL 368512, at *3-4 (N.D. Okla. Jan. 25, 2017) (where record silent regarding clause applied at sentencing, Johnson opens door for defendant to challenge ACCA classification in its entirety and take advantage of recent Supreme Court decision in Mathis); United States v. Brown, No. 7:03CR00109, 2017 WL 76932, at *3 (W.D. Va. Jan. 6, 2017) (petitioners could not have applied for relief before Johnson because argument that burglary offenses did not qualify as generic burglary would have been foreclosed by government reliance on residual clause).

The Tenth Circuit has not addressed how Johnson applies where the district court did not specify which clause it used to enhance defendant's sentence.  In dicta, two panels of the Eleventh Circuit have suggested opposite results.  Compare In re Moore, 830 F.3d 1268, 1271-73 (11th Cir. 2016) with In re Chance, 831 F.3d 1335 (11th Cir. Aug. 2, 2016).  In Moore, the Eleventh Circuit stated that a petitioner is not entitled to relief under Johnson "unless he proves that he was sentenced using the residual clause and that use of that clause made a difference in the sentence."  830 F.3d at 1273.  The Moore panel stated that "if the court cannot determine whether the residual clause was

used in sentencing and affected the final sentence," the district court must deny relief. Id. This

Court, however, declines to follow Moore and adopts the Eleventh Circuit's reasoning in Chance,

as follows:

> Based on the rule the Moore panel proposed, that inmate would be eligible for
> § 2255 relief based solely on a chance remark (again, a sentencing court was
> nowhere required to choose between the elements and residual clause). Surely this
> "selective application of new rules violates the principle of treating similarly situated
> defendants the same." Teague v. Lane, 489 U.S. 288, 304, 109 S. Ct. 1060, 103
> L.Ed.2d 334 (1989) (internal quotation marks omitted).
>
> In our view, it makes no difference whether the sentencing judge used the words
> "residual clause" or "elements clause," or some similar phrase. If Johnson means
> that an inmate's § 924(c) (or § 924(o)) companion conviction should not have served
> as such, then the text of § 924(c) no longer authorizes his sentence and his
> imprisonment is unlawful. More specifically, a conclusion that Johnson's rule
> applied to § 924(c)'s residual clause would mean that inmate's sentence was lawful
> up until the day Johnson was decided, but no longer is. To be sure, the inmate is the
> one who has to make the showing that his sentence is now unlawful. But we believe
> the required showing is simply that § 924(c) may no longer authorize his sentence
> as that statute stands after Johnson not proof of what the judge said or thought at a
> decades-old sentencing. No matter what the judge said, it is precedent from the
> Supreme Court and this Court that dictates which offenses meet § 924(c)'s
> definitions. See Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13, 114 S. Ct.
> 1510, 128 L.Ed.2d 274 (1994) ("It is this Court's responsibility to say what a statute
> means, and once the Court has spoken, it is the duty of other courts to respect that
> understanding of the governing rule of law. A judicial construction of a statute is an
> authoritative statement of what the statute meant before as well as after the decision
> of the case giving rise to that construction." (emphasis added)). So, if the Supreme
> Court has said an inmate's conviction does not meet one of the definitions that
> survive Johnson, then the inmate may have a claim that he has "the right to be
> released upon the ground that the sentence was imposed in violation of the
> Constitution or laws of the United States . . . or that the sentence was in excess of the
> maximum authorized by law." 28 U.S.C. § 2255(a).

Chance, 831 F.3d at 1341 (footnote omitted); see also United States v. Winston, No. 16-7252, 2017

WL 977031, at *3 (4th Cir. Mar. 13, 2017) (although record does not establish that residual clause

served as basis for classifying prior convictions as violent felonies, claim relied at least in part on

Johnson; court will not penalize defendant for court's discretionary choice not to specify under

which clause his offense qualified as violent felony; rule denying relief in these circumstances results in selective application of new rule announced in Johnson).

For these reasons, the Court finds that defendant's present motion to vacate his conviction under Section 924(e)(2)(B) is based at least in part on Johnson.

## II.      Substantive Relief

The government concedes that if the Court finds that defendant's motion is based on Johnson, he is entitled to relief. After Johnson, defendant has only two qualifying convictions under Section 924(e)(2)(B). Defendant does not dispute the government's calculation of his revised Guidelines range. Defendant's total offense level is 28, with a criminal history category VI, resulting in a guideline range of 140 to 175 months in prison. Absent the ACCA enhancement, however, the statutory maximum of ten years for an offense under 18 U.S.C. § 922(g)(1) trumps the Guidelines range. Therefore the Court resentences defendant to 120 months in prison. All other terms and conditions of the original Judgment In A Criminal Case (Doc. #95) shall remain in effect.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate Sentence (Doc. #145) filed May 6, 2016 is **SUSTAINED**. **The Court resentences defendant to 120 months in prison. All other terms and conditions of the original Judgment In A Criminal Case (Doc. #95) shall remain in effect.**

Dated this 23rd day of March, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge